# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**BRYAN HENNING,**
              **Plaintiff**

**-vs-**                                                    **Case No. 6:15-cv-830-22DAB**

**McDONALD'S CORPORATION,**
**OFFICER J. VERSAGGI, CITY OF**
**COCOA BEACH, CHIEF OF POLICE ARTHUR**
**AYRES, MAYOR DAVE NETTERSTROM,**
              **Defendants**
_____/

## ORDER AND REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

         This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 6)** |
| **FILED:** | **June 17, 2015** |
| | _____ |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Amended Complaint be **dismissed**. |

| | |
|---|---|
| **MOTION:** | **MOTION FOR RECONSIDERATION (Doc. No. 7)** |
| **FILED:** | **June 17, 2015** |
| | _____ |
| | **THEREON** it is **ORDERED** that the motion is **DENIED** as moot.  The Plaintiff has since filed an Amended Complaint (Doc. 5) and a renewed motion for leave to proceed as a pauper (Doc. 6). |

         These motions follow issuance of a Report and Recommendation (Doc. 3, amended at Doc.

4) directed to an earlier Complaint (Doc. 1) and Motion to Proceed as a pauper (Doc. 2).  As Plaintiff

has since filed an Amended Complaint (Doc. 5) and a new Motion to Proceed *in forma pauperis* (Doc.

6), the earlier Report is moot, as is the prior Motion.  This, in turn, moots the pending Motion for

Reconsideration of the now moot Report (Doc. 7).  The Court now turns to review of the instant

Motion and Amended Complaint.

Upon a party's submission of an affidavit of indigency, any court of the United States may

authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a).   Section 1915 grants broad

discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons*

*and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th

Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees

if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2).  A cause

of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*,

817 F.2d 737, 739 (11th Cir. 1987)).  To determine if a plaintiff should be permitted to proceed *in*

*forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the

asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.

1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this

federal court.  *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark*

*v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990).  Moreover, the district court may

dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would

defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the

court's records, courts need not wait and see if the defense will be asserted in a defensive pleading."

*Id.* at 641, fn.2.  "Indigence does not create a constitutional right to the expenditure of public funds

and the valuable time of the courts in order to prosecute an action which is totally without merit."

*Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Although it is well established that the pleadings of pro se litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, to be entitled to proceed *in forma pauperis,* a plaintiff must show that he is, in fact, a pauper and that he has stated a nonfrivolous claim that meets the standard of plausibility and falls within the jurisdiction of the Court. Applied here, the Court finds the instant papers do not make that showing.

Plaintiff states in his application (Doc. 6) that he is homeless and lives in a van, yet he lists a residence address of 2457 Desert Willow Drive in Phoenix, Arizona in his sworn Affidavit of Indigency (Doc. 6-1), which he contends is his father's address (Doc. 7). His application lists "$-0-" in income from any source in the past twelve months, but his Affidavit claims he received $1,000 in gifts, his application states he gets a "residual from student loan," and he has $1,411.00 in cash. He claims $246 in monthly living expenses.

Assuming Plaintiff qualifies as a pauper on this showing, the Amended Complaint does not state a cognizable cause of action within the jurisdiction of this Court. Federal courts are courts of limited jurisdiction. Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332.

The Amended Complaint, construed liberally, seeks relief against McDonald's Corporation, "Officer J. Versaggi," and the City of Cocoa Beach, Florida, arising out of a trespass warning issued to Plaintiff, who was using the free wifi at McDonalds.  According to the pleading, Plaintiff was asked to leave the restaurant and was detained by the Officer, as the Manager of the restaurant "told the officers that [Plaintiff] was looking at pictures he wasn't supposed to be looking at and that she wanted him "trespassed" because she was tired of getting complaints . . ." (Allegation 23).  Plaintiff asserts that he was detained by the police for about fifteen minutes and issued a trespass warning, but was never arrested or charged with any crime. Plaintiff attempts to assert state law tort claims against McDonald's for this detention (counts one, two and five); a civil rights action under 42 U.S.C. §1983 against Officer Versaggi and McDonalds (count three); and also seeks declaratory and injunctive relief against the Mayor and the Chief of Police as "the City of Cocoa Beach's Public/Private trespass warning program and ordinances 26-11, 26-6, and 15-17 are each unconstitutional" (count four).

To the extent the Amended Complaint purports to invoke diversity jurisdiction for counts one (false imprisonment), two (slander) and five (intentional infliction of emotional distress) against McDonalds (Amended Complaint, Allegation 8), diversity jurisdiction requires a showing of complete diversity between the plaintiff and the defendant and the amount in controversy requirement is met. *See Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978).  Here, Plaintiff alleges that he "is a law student and is domiciled in the State of Arizona." However, Plaintiff has represented to this Court that he is, in fact, "homeless" and "living in a van in Florida" (Doc. 7).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).  While Plaintiff has told the Court that the Arizona address is his "last" residential address, there is nothing to indicate that Arizona is his fixed home nor that Plaintiff intends

to return there.  Indeed, Plaintiff alleges that he is an applicant for admission to The Florida Bar (Allegation 45), which would not entitle him to practice in Arizona.  On this showing, Plaintiff's citizenship is not established sufficient to evaluate the existence of diversity.  More importantly, even if the diversity allegations were sufficient, there are no plausible facts to support an allegation that the amount in controversy meets the $75,000.00 threshold.  No basis for diversity jurisdiction is shown in Plaintiff's amended pleading.

To the extent Plaintiff is attempting to plead causes of action under federal statutes, the instant pleading fails to provide adequate notice and does not comply with the pleading standards directing a short and plain statement.   The pleading is prolix[1] and contains  dozens of superfluous matters, including case citations and reference material. For example, Allegation 99 reads:

> "**Sleep deprivation can have devastating effects on people**." Patrick K. Dooley,
> Enforcing Noise Ordinances in Florida; (undated). *Available at* https://www. fdle.state.
> fl. us/Content/getdoc/7062dbf7-f 60b-4 I 90-8666-72c5deeadcf 1
> /Dooley-pat-paperpdf. aspx.

Construing the pleading as best it can, the Court finds Plaintiff fails to plead a cognizable claim within the federal question jurisdiction of this court. With respect to count three, asserting illegal detention to issue the trespass warning, Plaintiff relies on *Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011), which involved the rights of homeless individuals to be in public parks or on other city lands. 658 F.3d at 1266. No public land is implicated by the issuance of a trespass warning at McDonalds, however, so the citation is not apt.  As the undersigned noted in earlier report, to the extent Plaintiff is attempting to allege that the issuance of a trespass warning itself is unconstitutional, he does not identify any right to trespass on private property. *See*, *generally*, *Moran v. Cameron,* 362 Fed. Appx. 88 (11th Cir. 2010); *see also Watkins v. Elmore*, 589 Fed.Appx. 524 (11th Cir. 2015).  To the extent Plaintiff's cause of action is based on an assertion that the detention

---

[1] The pleading contains 168 allegations, and is 23 single space pages long.

for issuance of the trespass warning was not consensual, he has affirmatively pled facts which would support a *Terry*[2] stop – namely, the Manager's statement to the Officers that Plaintiff was "looking at pictures he wasn't supposed to be looking at" and she was "tired of getting complaints" (Allegation 23). Plaintiff also alleged that the Manager or another person authorized by McDonald's reported to the police that Plaintiff "was asked to leave and that he refused to do so" (Allegation 28).[3]  Under these circumstances, the Officer "had a reasonable basis to believe that the [manager] had already asked [Plaintiff] to leave" and that Plaintiff "had already committed the offense of trespass outside his presence," and, therefore, "[a]lthough the officer stopped [Plaintiff] to issue a formal trespass warning, this stop is equally justifiable as a *Terry* stop to investigate the earlier trespass that he had not witnessed." *See Rodriguez v. State*, 29 So.3d 310, 311 (Fla. 2d DCA 2009).

As for count four, it appears that Plaintiff is seeking to invalidate the City's "Private/Public Trespass Program" as unconstitutional, because the ordinances impinge on the "fundamental right of sleeping or camping." There are no allegations that sleeping or camping led to the issuance of the trespass warning at McDonalds, so it appears that Plaintiff is attempting to join a general constitutional challenge against the ordinances regulating these activities to his other claims.  There is no showing that such joinder is appropriate.  Moreover, upon review, this claim is not tenable.

"To allege a justiciable cause of action, a plaintiff must plead facts that are sufficient to confer standing and demonstrate that the claim is ripe for determination." *Dormer v. Miami-Dade County*, 599 F. 3d 1217, 1220 (11th Cir. 2010).  Here, Plaintiff alleges that he has standing to seek an injunction of these policies and ordinances:

> because he is a member of the class that is unreasonably discriminated against by the City of Cocoa Beach policies and the ordinances stated supra, in violation of equal protection of the Fourth and Fourteenth Amendments, because he sleeps on private or

---

[2] *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)

[3] Although Plaintiff contends that this report was "false," there is no plausible allegation that the Officer knew the report was false.

public property from time to time. And because he fears that he will be deprived of
sleep, harassed, humiliated and unlawfully detained by Cocoa Beach Police Officers
and issued a trespass warning in the future if he sleeps on private or public property,
in a vehicle or on the beach within the City of Cocoa Beach city limits which he often
visits to enjoy recreational activities on the Atlantic Ocean beach. And because he has
been subjected to and injured by the policies as described in all counts. And because
when in the city he often uses the sidewalks to travel and fears that he may be
trespassed from their uses in violation of his right to travel under the Florida
constitution.

(Allegation 106).

Standing requires a plaintiff to provide evidence of an injury in fact, causation and
redressibility. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351
(1992). That is, "a party seeking to invoke a federal court's jurisdiction must demonstrate three things:
(1) injury in fact, by which we mean an invasion of a legally protected interest that is (a) concrete and
particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship
between the injury and the challenged conduct, by which we mean that the injury fairly can be traced
to the challenged action of the defendant, and has not resulted from the independent action of some
third party not before the court; and (3) a likelihood that the injury will be redressed by a favorable
decision, by which we mean that the prospect of obtaining relief from the injury as a result of a
favorable ruling is not too speculative." *Northeastern Florida Chapter of Associated General
Contractors of America v. City of Jacksonville, Fla.*, 508 U.S. 656, 663-64, 113 S.Ct. 2297, 2301-02,
124 L.Ed. 2d 586 (1993) (internal citations and quotations omitted). Here, Plaintiff does not allege
that he has been arrested or threatened with arrest for sleeping or camping; only that he "fears" that
he will be "deprived of sleep" and unlawfully detained at some unspecified place and time "in the
future." This is not enough to establish an injury in fact. When seeking prospective relief, an injury
must be imminent. *Dermer*, 599 F.3d at 1220. Moreover, absent a credible threat of prosecution, the
claim is also not ripe. *Id.*  As such, it cannot proceed, as pled.

As there is no showing of diversity jurisdiction over the state law claims; no plain statement of plausible facts sufficient to state a claim for a civil rights violation; and no plausible facts showing standing to challenge the city ordinances with respect to sleeping or camping, the Amended Complaint does not state a cognizable claim within the limited jurisdiction of this court.

It is therefore **respectfully recommended** that the motion be **denied** and the Amended Complaint be dismissed, as frivolous, within the meaning of the pauper statute.

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on June , 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

-8-