# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRYAN HENNING,**

       **Plaintiff,**

v.                                    **Case No:  6:15-cv-830-Orl-22DAB**

**MCDONALD'S CORPORATION, J. VERSAGGI, CITY OF COCOA BEACH, ARTHUR AYRES and DAVE NETTERSTROM,**

       **Defendants.**
_____/

## ORDER

This cause is before the Court upon the Magistrate Judge's Report and Recommendation ("R & R"), recommending that the Court deny Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP Motion") (Doc. 9); Plaintiff's objection to the R & R (Doc. 11); and Plaintiff's Motion to Amend (Doc. 10). After careful consideration of the R & R and Plaintiff's objection, the undersigned judged is of the opinion that Plaintiff may be able to adequately pled at least one federal claim over which the Court has jurisdiction. For reasons stated herein, the undersigned judge adopts the R & R to the extent discussed in this Order, and the will grant Plaintiff leave to amend his complaint.

### I.    BACKGROUND

On June 5, 2015, Plaintiff Bryan Henning ("Plaintiff"), proceeding *pro se*, filed an Amended Complaint asserting several state and federal claims against Defendants, McDonald's Corporation ("McDonald's"), Officer J. Versaggi ("Officer Versaggi"), the City of Cocoa Beach (the "City"), Chief of Police Arthur Ayres, and Mayor Dave Netterstrom. (Doc. 5). According to the Amended Complaint:

1

On or about May 25, 2014, Plaintiff entered a McDonald's restaurant located in Cocoa Beach, Florida, ordered coffee, and began surfing the web using McDonald's free Wi-Fi. (*Id.* ¶¶ 13, 14). A short time later, Officer Versaggi approached Plaintiff and informed him that the McDonald's manager ("Manager") wanted him to leave. (*Id.* ¶ 16). Plaintiff complied and exited the McDonald's restaurant. (*Id.* ¶¶ 16–18). As Plaintiff began to walk toward a public sidewalk, Officer Versaggi ordered him to return to a door just outside McDonald's, and told Plaintiff that he was not free to leave. (*Id.* ¶¶ 18–19). After Plaintiff was detained, the Manager was brought outside. (*Id.* ¶ 23). While outside the Manager told the officers that she wanted Plaintiff to be given a trespass warning because he was looking at pictures he was not supposed to be looking at and that she was tired of getting complaints. (*Id.*). However, the Manager "never said that she had asked Mr. Henning to leave and or [*sic*] that Mr. Henning refused to leave after being asked." (*Id.*). While detained, Plaintiff was interrogated and ordered to produce identification, including his name, address, and driver's license. (*Id.* ¶¶ 20–22). Plaintiff was detained for approximately fifteen minutes. (*Id.* ¶ 27). Officer Versaggi issued Plaintiff a trespass warning, but he was never arrested or charged with a crime. (*Id.* ¶ 30).

Plaintiff is now asserting two federal civil rights claims pursuant to 42 U.S.C. § 1983 against Officer Versaggi, McDonald's, and the City for allegedly violating his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution (Counts III and IV). (*Id.* ¶¶ 99, 54–98). Plaintiff also asserts state law claims against McDonald's for false imprisonment (Count I), slander per se (Count II), and intentional infliction of emotional distress (Count V). (*Id.* ¶¶ 37–53).

Plaintiff filed an IFP Motion with his Amended Complaint. (Doc. 6). On June 24, 2015, the Magistrate Judge issued an R & R, recommending that the Court deny Plaintiff's IFP Motion and dismiss the Amended Complaint as frivolous. (Doc. 9). Plaintiff filed an objection asserting

that the Court should permit him to proceed *in forma pauperis* because he has established diversity jurisdiction, and pled sufficient facts supporting his federal claims. (Doc. 11). Plaintiff also filed a Motion to Amend. (Doc. 10).

## II. LEGAL STANDARDS

### A. Objections to a Report and Recommendation

When a party makes a timely and specific objection to a finding of fact in an R & R, the district court should make a de novo review of the record with respect to the factual issues. *See Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512–13 (11th Cir. 1990). Once a timely objection to the R & R is made, the district court, after conducting a careful and complete review of the findings and recommendation, may accept, reject, or modify in whole or in part, the R & R of the magistrate judge. *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S.*, 896 F.2d at 512 (quotation omitted).

### B. Proceeding *In Forma Pauperis*

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the action or refuse to permit it to continue without payment of fees if the Court determines the action is frivolous. 28 U.S.C. § 1915(e)(2). However, a cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991). The Court may also dismiss the action if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

Although it is well established that the pleadings of pro se litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court cannot rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). To survive dismissal for failure to state a claim under this standard, "[P]laintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

### III. DISCUSSION

In the R & R, the Magistrate Judge determined that the Amended Complaint warranted dismissal due to (1) "a lack of diversity jurisdiction over [Plaintiff's] state law claims," (2) Plaintiff's failure to plead "facts sufficient to state a claim for a civil rights violation," and (3) Plaintiff's failure to plead "facts showing standing to challenge the [C]ity's ordinances." (Doc. 9 at 8). After carefully considering R & R, the Court will adopt the Magistrate Judge's well-reasoned factual findings and conclusions, except insofar as it relates to Plaintiff's failure to state a § 1983 claim against Officer Versaggi.

In Count III, Plaintiff asserts that Officer Versaggi allegedly violated his rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.[1] (*See* Doc. 5 ¶¶ 54–98). Specifically,

---

[1] In Count III, Plaintiff also asserts a § 1983 claim against McDonald's for allegedly violating his rights under the Fourth and Fourteenth Amended of the U.S. Constitution. However, the Amended Complaint is devoid of any facts from which the Court can reasonably infer that McDonald's as a

4

Plaintiff argues that Officer Versaggi violated his right to be free from unreasonable search and seizures by unlawfully detaining him without reasonable suspicion. (Doc. 11 ¶¶ 18–29).

The Fourth Amendment to the United States Constitution prohibits "unreasonable searches and seizures" by the government. U.S. Const. amend IV. For purposes of Fourth Amendment analysis, there are three broad categories of police-citizen encounters: (1) police-citizen exchanges involving no coercion or detention—which require no level of suspicion; (2) brief seizures or investigatory detentions—which require reasonable suspicion; and (3) full-scale arrests—which require probable cause. *United States v. Hastamorir*, 881 F.2d 1551, 1556 (11th Cir. 1989). The encounter between Versaggi Plaintiff falls within the second category.

Pursuant to *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and its progeny, "the police may stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity, even though probable cause is lacking." *United States v. White*, 593 F.3d 1199, 1202 (11th Cir. 2010) (quotation omitted). In order to conduct this type of investigative stop, "the officers must have a reasonable, articulable suspicion based on objective facts that the person has engaged in, or is about to engage in, criminal activity." *Id.* (quotation omitted). The reasonable suspicion standard applies to "any curtailment of a person's liberty by the police." *Jackson v. Sauls*, 206 F.3d 1156, 1166 n. 12 (11th Cir. 2000).

---

private entity, acted under the color of state law and impinged upon Plaintiff's federal rights. Thus, his claim against McDonald's must be dismissed. *See Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law."); *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (explaining that a private party will be viewed as a state actor for § 1983 purposes only in rare circumstances).

In reviewing the Amended Complaint, the Magistrate Judge found that Plaintiff failed to plead sufficient facts supporting his civil rights claim against Officer Versaggi. In arriving to this conclusion, Judge Baker stated the following:

> To the extent Plaintiff's cause of action is based on an assertion that the detention for issuance of the trespass warning was not consensual, he has affirmatively pled facts which would support a *Terry stop.* Namely, . . . Plaintiff . . . alleged that the Manager or another person authorized by McDonald's reported to the police that Plaintiff "was asked to leave and that he refused to do so" (Allegation 28). Under these circumstances, the Officer "had a reasonable basis to believe that the [manager] had already asked [Plaintiff] to leave" and that Plaintiff "had already committed the offense of trespass outside his presence," and, therefore, "[a]lthough the officer stopped [Plaintiff] to issue a formal trespass warning, this stop is equally justifiable as a *Terry* stop to investigate the earlier trespass that he had not witnessed." *See Rodriguez v. State*, 29 So.3d 310, 311 (Fla. 2d DCA 2009).

The Amended Complaint is not a model of clarity, so the Court can certainly understand why the Magistrate Judge reached the conclusion that Plaintiff pled facts supporting a justifiable *Terry* stop. However, after carefully reviewing the full context of the allegations in Count III, the Court determines that Plaintiff has pled alternative theories, one of which could ostensibly support his claim against Officer Versaggi. Specifically, Plaintiff alleges that "[e]ither the restaurant [M]anager or another person authorized by McDonald's made a false report to the police that [Plaintiff] was asked to leave and that he refused to do so," . . ."[a]nd *or* [*sic*] Officer Versaggi entirely fabricated a false accusation on the document writing [*sic*] 'asked to leave property and would not comply out of his own imagination and did so in a malicious attempt to provide himself with a fabricated defense.'" (Doc. 5 ¶¶ 28, 29).

Based on the former allegation it could be reasonably inferred that Officer Versaggi had a reasonable basis to detain Plaintiff, just as concluded by the Magistrate Judge. However, based on the latter allegations, the Court could conceivably infer that Officer Versaggi violated Plaintiff's constitutional right by detaining him without reasonable, articulable suspicion that he was engaged

6

in criminal activity, namely— a prior trespass. *See S.N.J. v. State*, 17 So.3d 1258, 1259 (Fla. 2d DCA 2009) (stating that Florida's criminal trespass statute "requires that notice be given before a person can be guilty of trespassing on property," and that individuals "c[an] be legally detained for trespassing only if they were first warned to leave the property").

Therefore, after a *de novo* review by this Court, the Court accepts and adopts the Magistrate Judge's Report and Recommendation. However, the Court will grant Plaintiff leave to amend his § 1983 claim against Officer Versaggi.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. The Court adopts the Magistrate Judge's Report and Recommendation to the extent discussed in this Order.

2. Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED** and his Motion to Proceed *In Forma Pauperis* (Doc. 6) is **DENIED** without prejudice.

3. Plaintiff's Motion to Amend (Doc. 10) is **GRANTED**, to the extent that he seeks to assert a § 1983 claim against Officer Versaggi. Plaintiff shall a Second Amended Complaint within twenty-one (21) days of this Order. Plaintiff may not add any new claims in the Second Amended Complaint.

4. Failure to file a Second Amended Complaint within the time provided will result in the dismissal of this case without prejudice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on August 26, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Assigned Magistrate Judge