# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRYAN HENNING,**

    **Plaintiff**          **Case No. 6:15-cv-830-22DAB**

**-vs-**

**OFFICER J. VERSAGGI,**

    **Defendant**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 14)** |
| **FILED:** | **September 15, 2015** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

   The United States Congress has required that the district court review a civil complaint filed in forma pauperis, and shall dismiss a complaint that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language applies to all proceedings *in forma pauperis*. The statute provides:

   Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
   (A) the allegation of poverty is untrue: or
   (B) the action or appeal –
   (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).  Because the Application at issue here includes allegations of poverty that are untrue, within the meaning of this provision, and because the identical issues with the same Plaintiff have been recently addressed by Judge Mendoza, it is **respectfully recommended** that the Application/motion be denied, as set forth herein.

This *pro se* Plaintiff is no stranger to this Court and has filed several suits, all claiming that he was victimized in some fashion while merely minding his own business.[1] The instant Complaint purports to allege that he was detained and trespassed from a McDonald's Restaurant without adequate cause (Doc. 18). As the papers filed here are similar to papers filed in *Henning v. Wing*, 6:15-cv-01518-CEM-DAB, the undersigned recommends that this Court adopt the reasoning and result set forth by Judge Mendoza in his November 12, 2015 Order in that case (Doc. 5).

As in *Wing*, Plaintiff has filed two papers in support of his request to proceed as a pauper. In the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 14), Plaintiff was directed to "estimate the average amount of money received from each of the following sources during the past 12 months." The sources included employment, gifts, public-assistance, and several other categories, including "other." Plaintiff listed "$0" for each and every category, for a total monthly income of "0.00" during the past 12 months. Despite receiving no money from any source, Plaintiff avers that he has $264 in cash, $234.22 in a checking account, and pays $140 a month in child support

---

[1]*See Henning v. Bennet,* 6:15-cv-00881-JA-KRS*; Henning v. Walmart Stores, et al,* 6:15-cv-1648-40DAB*; Henning v. Day, et al;* 6: 15-cv-927-PGB-DAB*; Henning v. Harrel et al.,* 6:15-cv-01520-PGB-KRS*; Henning v. Wing, et al,* 6:15-cv-1518-41DAB*; and Henning v. Realin et al.,* 6:15-cv-1519-PGB-KRS.

which, coupled with other expenses, amounts to $249 in monthly expenses paid. Plaintiff fails to explain how he can meet expenses with no source of money.  On its face, these averments cannot be true and complete.

In a different portion of the application and in direct contradiction to his representation that he has received "0" from other sources over the last 12 months, Plaintiff claims that he received "a small residual" from a student loan. In *Wing*, however, Plaintiff stated that he received an annual student loan of *$20,500.00* in January of this year (Case 6:15-cv-1518, Doc. 4). This gross amount is not disclosed anywhere on this document.

The papers reveal more inconsistences or omissions. In his Affidavit of Indigency (Doc. 14-1), Plaintiff swears that he has received $1,300 in "gifts or inheritances" over the past 12 months. This contradicts his application statement where he declared, under penalty of perjury, that he received "$0" in gifts. Further, the Affidavit does not mention receipt of any student loan disbursement, other than noting that he owes approximately $90,000 to "Federal Student Loan," with a monthly payment of "deferred."

As in *Wing*, the Affidavit notes that Plaintiff's Van, which he claims to own and lists as an asset, is, in fact, registered in the name of Agent Approved LLC. This raises a legitimate question of ownership. Under Arizona law,[2] "[a] prima facie presumption of ownership arises from a certificate of title." *In re One 1983 Toyota Silver Four-Door Sedan*, VIN No. JT2MX63E4D0004378, 168 Ariz. 399, 402, 814 P.2d 356, 359 (Ct. App. 1991). Importantly, the Court takes judicial notice of the fact that the public records of Arizona list "Agent Approved LLC" as an active entity, and Mr. Henning

---

[2]The Court presumes the application of Arizona law solely for the purposes of this motion.

as the sole listed member.[3] The Arizona Corporation Commission also lists Mr. Henning as the president and director of Equitable National Mortgage Corporation, an administratively dissolved corporation located at the same Arizona business address as Agent Approved, LLC.[4] It therefore appears that Mr. Henning has assets and business activities which he has not disclosed and which are pertinent to his professed status as a pauper. For this reason, too, the Court finds the statements in the Affidavit to be misleading and incomplete and, therefore, "untrue."

> In order to preclude fraudulent or careless motions of poverty, the applicant moving for in forma pauperis status should state "with some particularity, definiteness and certainty" the facts as to his poverty. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir.), *cert. denied*, 364 U.S. 896, 81 S.Ct. 227, 5 L.Ed.2d 190 (1960). Further, when the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity, the Court may go beyond the mere statement of income and inquire into additional relevant matters including the applicant's earning capacity and ability.

*Deyer v. Jalet*, 349 F. Supp. 452, 459 (S.D. Tex. 1972) *aff'd*, 479 F.2d 1044 (5th Cir. 1973). *See also Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) ("The purpose of [the statutory provision] is to 'weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth,'" *citing Matthews v. Gaither*, 902 F.2d 877, 881 (11th Cir.1990).).   As the statements made in the Application and Affidavit are demonstrably incomplete and incongruous, it is **respectfully recommended** that the motion be denied, and that the procedure adopted by Judge Mendoza be followed. That is, if this recommendation is accepted, and Plaintiff wishes to proceed with this action, he must:

---

[3]*See* http://ecorp.azcc.gov/Details/Corp?corpid=L12178520&type=L.L.C., accessed November 13, 2015.

[4]*See* http://ecorp.azcc.gov/Details/Corp?corpId=%2013511341

1) pay the filing fee within 15 days of any Order adopting this Report; or

2) file an Amended Motion to Proceed *In Forma Pauperis*, which shall include **supporting documentation** of:

> a) a full and complete listing of **all** sources of monies received by Plaintiff over the last 12 months, including amounts received as "gifts," loans, charity, or from any other source, including indirectly, from passive business interests;

> b) a full and complete listing of **all** assets, which shall also include a listing of **all** businesses, partnerships, or entities in which Plaintiff claims an ownership interest, at any time over the past 12 months;

> c) a full and complete listing of **all** fictitious names or aliases used by Plaintiff for business purposes, at any time in the past 12 months;

> d) a copy of all tax returns filed by Plaintiff and copies of all tax returns filed by any business entity in which Plaintiff has or had an interest within the last 12 months, for calendar year 2014;[5] and

> d) a complete explanation of **all funds from any source** expected to be received over the next three months and an explanation as to how Plaintiff subsists.

Upon the filing of any renewed motion, the Court will also conduct the required review of the operative Complaint, to ascertain whether it states a cognizable cause of action within the limited jurisdiction of this Court. Should this recommendation be adopted and should Plaintiff fail to either timely pay the filing fee or timely file a fully supported Motion under penalty of perjury, it is recommended that the Complaint be dismissed.

---

[5]As this may contain sensitive information, leave is hereby given to file the tax returns **under seal.**

-5-

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on December 1, 2015.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy