**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRYAN HENNING,**

          **Plaintiff,**

v.                                                                                  Case No:  6:15-cv-830-Orl-22DAB

**J. VERSAGGI**

          **Defendants.**
_____/

**ORDER**

This cause is before the Court on the Magistrate Judge's Report and Recommendation ("R & R") (Doc. 29), which concerns Plaintiff's renewed Motion to Proceed *In Forma Pauperis* ("Motion") (Doc. 23). The Magistrate Judge recommends that the Court deny Plaintiff's Motion "to the extent [he] seeks to proceed without any payment of costs, but grant [the Motion], in part, to allow Plaintiff to pay the filing fee in installments." (Doc. No. 29). Plaintiff objects to the Magistrate Judge's findings and conclusions. (Doc. No. 30). After an independent *de novo* review, the R & R will be adopted in part and rejected in part.

**I. BACKGROUND**

In 2015, Plaintiff Bryan Henning, started on a relentless legal crusade in the Middle District of Florida, filing seven lawsuits against thirty-eight defendants who he claims wronged him.[1] This case represents the first chapter of Plaintiff's crusade.

---

[1] *See Henning v. Day et al.*, No. 6:15-cv-927-PGB-DAB (filed June 8, 2015), *Henning v. Bennet*, No. 6:15-cv-881-JA-KRS (filed June 1, 2015), *Henning v. Wing*, No. 6:15-cv-1518-CEM-DAB (filed September 15, 2015), *Henning v. Realin*, No. 6:15-cv-1519-PGB-KRS (filed September 15, 2015), *Henning v. Harrel*, No. 6:15-cv-1520-PGB-KRS (filed September 15, 2015), and *Henning v. Walmart Stores, Inc.*, No. 6:15-cv-1648-PGB-DAB (filed October 2, 2015).

On May 22, 2015, Plaintiff filed his initial complaint and an application to proceed *in forma pauperis* ("IFP Motion"). (Doc. Nos 1, 2). Shortly thereafter, the Magistrate Judge conducted a screening of Plaintiff's filings pursuant to 28 U.S.C. § 1915(a), and issued a report and recommendation that the Court deny Plaintiff's IFP Motion. (Doc. 3). Before the Court could consider the Magistrate Judge's recommendation, Plaintiff amended his complaint and filed a renewed IFP Motion. (Doc. No. 5). Consequently, the Court terminated Plaintiff's IFP Motion as moot. (Doc. No. 8).

Over a period of approximately nine months, the Court denied multiple IFP Motions filed by Plaintiff, due to his failure to file a viable complaint and to follow the Court's directives. (*See* Doc. Nos. 12, 17). However, recognizing Plaintiff's *pro se* status,[2] the Court afforded him multiple opportunities to adequately demonstrate his eligibility to proceed *in forma pauperis*. Plaintiff has now filed his Third Amended Complaint ("Complaint")[3] and the instant Motion to proceed *in forma pauperis.* (Doc. Nos. 18, 23). Plaintiff's filings were again referred to the Magistrate Judge, who prudently decided to conduct an evidentiary hearing. (*See* Doc. No. 27). After the hearing, the Magistrate Judge issued the instant R & R, recommending that the Court order Plaintiff to pay the filing fee in $75 installments until the filing fee is paid in full. (Doc. 29). Not surprisingly, Plaintiff objects to this recommendation. (Doc. No. 30 ¶ 2).

## II.    LEGAL STANDARD

### A.    Review of a Report and Recommendation

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the Court shall review *de novo* any portions of a magistrate judge's report and recommendation concerning

---

[2] Plaintiff is apparently a law student at Barry Law School University.
[3] For the sake of brevity, the Court does not recite the facts supporting Plaintiff.

2

specific proposed findings or recommendations to which an objection is made. *See also*, Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### B.    Review of *In Forma Pauperis* Application

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). In order to proceed in this way, the plaintiff must demonstrate that the cost of the filing fee is beyond his means. Indigency does not demand that the prospective plaintiff be utterly destitute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, all that is required is for the plaintiff to show that paying the filing fee would prevent him from supporting himself and his dependents in the provision of life's necessities. *Id.* Such a showing is usually accomplished through the plaintiff's submission of a sworn affidavit attesting to his poverty, which must be accepted as true unless there is reason to believe that the plaintiff seriously misrepresents his financial situation. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam).

If the party is indigent, a Court may dismiss the case or refuse to permit the party to continue without payment of fees if the Court determines that the action is, among other things, "frivolous or malicious," or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "A claim is frivolous if it is without arguable merit either in law or fact" or "if the

3

plaintiff's realistic chances of ultimate success are slight." *Fortson v. Georgia*, 601 F. App'x 772, 774 (11th Cir. 2015) (per curiam). When determining whether a plaintiff states a claim for relief under § 1915(e)(2)(B)(ii), a "court must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam) (citation omitted).

## III.   DISCUSSION

### A.   Legal Sufficiency of Plaintiff's Third Amended Complaint

The Magistrate Judge made no recommendation regarding the legal sufficiency of Plaintiff's Complaint. Review of the Complaint is therefore left for the undersigned.

Plaintiff's prior complaints contained defects that initially made the Court question the legal sufficiency of his claims. (*See* Doc. Nos. 12, 17).  Upon review, the Court finds that the Complaint no longer contains the deficiencies previously observed by the Court. Moreover, the Complaint survives dismissal under the pauper, as it is now comprised of facts sufficient to state a claim against Officer J. Versaggi.[4] (*See generally*, Doc. No. 18). Accordingly, the Court turns to the more prominent issue—whether Plaintiff can proceed with without payment of the Court's filing fee.

### B.   Plaintiff's Status as a Pauper

The Magistrate Judge recommends that the Court order Plaintiff to pay the filing fee in $75 installments until the $450 filing fee is paid in full. (Doc. No. 29 at 7). The Magistrate Judge reasons that Plaintiff "present[s] an inconsistent and unbelievable account of his [financial] situation," and that his "self-imposed 'freeganist' lifestyle is the result of a personal choice and is

---

[4] The Court's ruling does not bind its consideration of any motion that the Officer J. Versaggi may file after he is served and appears in this case.

not an accurate reflection of his earning capacity." (*Id.* at 4, 6). The Magistrate Judge further reasons that "[Plaintiff]'s nineteen years of schooling and business background, coupled with his demonstrated ability to obtain money when he needs to . . . establishes that he is capable of paying a filing fee, albeit perhaps in installments." (*Id.* at 6). Plaintiff objects to these conclusions, arguing, among other things, that the Magistrate Judge seeks to require [Plaintiff to deprive himself . . . of the necessities of life in favor of paying this court[']s filing fee." (Doc. No. 30 ¶ 2).

Upon consideration of the record, the Court can discern no reason to deny Plaintiff the opportunity to proceed *in forma pauperis*. Plaintiff pursues "freegan" lifestyle, which he describes "as a means for coping with poverty." (Doc. No. 30 ¶ 11). He sleeps in a van, eats food which has been discarded or donated to him by others, and generally rejects the comforts of what most would consider modern-day consumerism. Plaintiff apparently pursues this lifestyle "in order to survive without collecting food stamps or otherwise burdening the welfare system of any state." (*Id.*).

Plaintiff is unemployed and presents no indication of potential gainful employment in the near future. Indeed, he has not been employed in the past five years. (*Id.* ¶ 17). Over the past twelve months Plaintiff has received an average monthly income of approximately $108.[5] (Doc. No. 23, pp. 1–2). He holds only $1,255 in bank accounts and cash (*id.* at 2), and owns miscellaneous personal property with a speculative value of less than $500 (*id.* at 3, 23–25). Plaintiff owns no real property, but sleeps in a van valued at $450. (*Id.* at 3, 8). He pays $180

---

[5] In his Motion, Plaintiff indicates that he obtained an average monthly income of $2,695.53 in the past twelve months. (Doc. No. 23, p. 2). However, upon a thorough review of the Motion, the Court notes that Plaintiff miscategorizes his student loan as income. In the past twelve months Plaintiff received a student loan and scholarship totaling $31,000 (approximately $2,583.00 per month). Plaintiff does not receive a majority of the money because it is earmarked for his $27,070 law school tuition. (*See* Doc. No. 23 at 12–13, 36, 39). Plaintiff merely receives a residual from his loan, which is meant to cover school expenses such as book, living expenses, and travel.

5

per month for child support, owes over $20,000 in defaulted credit card debt, and has taken out over $90,000 in loans to attend law school. (*Id.* at 7, 9). Plaintiff spends a *de minimis* amount each month on food, transportation, and recreational activities. (*Id.* at 11).

Upon a thorough review of Plaintiff's filings, the Court finds that his affidavit and supporting addendum contain no serious misrepresentations of his financial status. "Whatever inconsistencies exist among his filings are either the result of minute changes in financial circumstances" over the course of seven months "or Plaintiff's lack of knowledge on how to categorize certain debt obligations. In any event, Plaintiff clearly lacks the means to pay the Court's filing fee." *Henning v. Day*, No. 6:15-cv-927, Doc. No. 12 at 5–7 (M.D. Fla. Mar. 18, 2016) (finding that Plaintiff is a pauper); *see Henning v. Realin et al.*, No. 6:15-cv-1519, Doc. No. 10 at 4–6 (M.D. Fla. April 1, 2016) (issuing a report and recommendation that the court "find that Plaintiff qualifies as a pauper").

Although the Court has the discretion to order a *pro se* plaintiff to pay the filing fee in installments, the Court declines to exercise that discretion here. The filings in this case do not indicate that Plaintiff has the ability to pay the filing fee in installments now, or any time in the immediate future. Therefore, ordering Plaintiff to pay the filing fee in piecemeal fashion would likely leave this case in limbo for several months, if not years. It is well-established that one need not "contribute to payment of costs, the last dollar they have or can get," in order to proceed *in forma pauperis*. *See Adkins v. E.I. Dupont de Nemours Co.*, 335 U.S. 331, 339 (1948). For the foregoing reasons, the Court will grant Plaintiff's Motion.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. No. 29) is **ADOPTED** to the extent it is consistent with the law, findings, and conclusions stated herein.

2. Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 23) is **GRANTED** as to his Third Amended Complaint.

3. The Clerk of Court is **DIRECTED** to mail a summons and Marshal 285 form to Plaintiff for completion and return to the Court within fifteen (15) days of mailing; Plaintiff must to provide a copy of the Third Amended Complaint to the Clerk of Court to be served on Defendant Officer J. Versaggi.

4. The Clerk is **DIRECTED** to provide the completed summons and Marshal 285 form, a copy of the Third Amended Complaint, and a copy of the Court's order to the United States Marshals Service.

5. The United States Marshals Service is **DIRECTED** to serve process and a copy of the Court's Order on Defendant without cost to Plaintiff.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 19, 2016.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Assigned Magistrate Judge